IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT WILLIAM JACOBY, ) | |
| AIS 291560, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:21-cv-831-RAH-JTA |
| ) | |
| DR. WEST, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant Wynn's Motion to Dismiss (Doc. No. 78) under Rule 37 of the Federal Rules of Civil Procedure for Plaintiff's refusal to attend a properly noticed deposition. For the reasons set forth below, the undersigned RECOMMENDS the motion be DENIED.

By Order entered October 6, 2022, the Court directed Plaintiff to submit to a deposition by videotape scheduled for November 15, 2022, at 10:00 a.m. at the facility where he was incarcerated and specifically warned Plaintiff that his failure to participate could result in the dismissal of his case or other penalties. *See* Doc. No. 72 at 1. Defendant Wynn asserts the deposition was properly noticed and scheduled for November 15, 2022, but Plaintiff refused to attend despite correctional officials attempts to persuade him to do so. Doc. No. 78 at 3. Counsel for Defendant Wynn, who traveled from Birmingham, Alabama, to Union Springs, Alabama, for the deposition, testified on the record that after waiting for thirty-five minutes, Plaintiff failed to appear for the scheduled deposition. Doc.

78-1 at 4. In further support of his pending motion, Defendant Wynn states Plaintiff failed to submit responses to written discovery requests filed September 9, 2022 (Docs. No. 62, 63, 64), as required by Order entered August 29, 2022 (Doc. No. 58).[1] Defendant Wynn argues that Plaintiff's willful failure to attend the properly noticed deposition and repeated failures to prosecute this case and comply with the orders of this Court warrant the sanction of dismissal with prejudice. Doc. No. 78 at 4.

By Order entered December 5, 2022, the Court granted Plaintiff an opportunity to show cause why the motion to dismiss should not be granted. Doc. No. 79. Previously, on November 21, 2022, Plaintiff filed a sworn document (Doc. No. 76) requesting the Court to schedule another deposition and subsequently filed a similar request on December 12, 2022 (Doc. No. 81). In these documents, Plaintiff professes ignorance about what occurred the day of the scheduled deposition and requests information about "what's going on" and asking the Court to set another deposition. Doc. No. 81 at 1; *see also* Doc. No. 76 at 3. Plaintiff maintains that the Warden of Bullock Correctional Facility and two correctional officers came to his cell the morning of November 15, 2022, and, upon informing them of his pending deposition, "acted like they knew nothing about it, looked at how beat up and bruised I was from the numerous assaults on me by inmates" between November 1–5, 2022, and November 9 or 10, 2022, and claims they "obviously refused to let me go [to the

---

[1] Plaintiff filed some responses to Defendant Wynn's discovery requests after he filed his motion to dismiss. *See* Doc. No. 80. In that response, Plaintiff indicated he previously responded to Defendant Wynn's discovery request while incarcerated at the Bibb Correctional Facility where he had "mail problems," including "officers constantly losing, stealing, and/or leaving behind [his] law work." *Id.* at 1.

2

deposition] and/or defendants never showed up." Doc. No. 81 at 1; *see also* Doc. No. 76 at 2. Plaintiff's November 21, 2022, filing contains a sworn declaration by his cellmate who testified that "Plaintiff was supposed to have a deposition today on November 15, 2022 but was never pulled out the cell to go!" Doc. No. 76-1 at 1.[2]

A court has broad discretion to control discovery. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); Fed. R. Civ. P. 37(b)(2)(A)(v)). And "once a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure . . . Pro se litigant[s] [who] ignore[] a discovery order . . . [are] subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming dismissal of an action brought by plaintiff, proceeding pro se and in forma pauperis, for failure to comply with court order). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns.,* 178 F.3d 1373, 1374 (11th Cir. 1999).

The most severe sanction which may be imposed on uncooperative litigants under Rule 37, although not favored, is dismissal with prejudice. *Phipps*, 8 F.3d at 790. But such a dismissal "may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Id*. A dismissal with prejudice is " 'an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.' " *Warner v. Tinder, Inc*., 675 F. App'x 945, 946 (11th Cir. 2017)

---

[2] The declaration is in Plaintiff's handwriting and contains the signature of inmate Joseph Butts. Doc. No. 76-1 at 1.

3

(quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (emphasis in original).

There is no dispute that Plaintiff did not appear at the scheduled deposition. Review of Plaintiff's December 12, 2022, filing (Doc. No. 81), considered a response to the motion to dismiss, and also considering Plaintiff's November 21, 2022, filing (Doc. No. 76), reflect that Plaintiff's position on his failure to appear at the deposition occurred because of factors beyond his control creating an inference that his absence is excusable or justifiable. In the December 5, 2022, Show Cause Order, the undersigned cautioned Plaintiff that, in filing his response to Defendant Wynn's motion to dismiss, he must not make any knowingly false statements to the Court nor file any document or pleading containing false factual representations. Doc. No. 79. The December 5 Order further informed Plaintiff that under Rule 11(b) of the Federal Rules of Civil Procedure, "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it," an unrepresented party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the factual contentions presented to the Court "have evidentiary support." *Id. See Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997(per curiam) (quotation marks and citation omitted) (holding that "Rule 11 sanctions are proper when a party files a pleading that has no reasonable factual basis [or] when the party files a pleading in bad faith for an improper purpose.").

Here, the undersigned is unable to find from the documents in the record that Plaintiff's failure to attend the November 15, 2022, deposition conclusively demonstrates

4

a deliberate or flagrant failure to comply with the Order that he do so. The undersigned also cannot find on this record that there exists a clear pattern of delay or willful non-compliance by Plaintiff in this proceeding including his failures to appear at the scheduled deposition or submit a timely response to Defendant Wynn's discovery request. *See Betty K Agencies, Ltd.*, 432 F.3d at 1338; *Gratton,* 178 F.3d at 1374. Finally, the Court declines to pass judgment on Plaintiff's veracity for the purpose of imposing sanctions where there is no clear record as to the reason for his failure to comply with the Court's orders described above.

Accordingly, the undersigned concludes that Defendant Wynn's motion to dismiss is due to be denied. Under the circumstances, the undersigned also declines to impose any lesser sanctions. Plaintiff is cautioned, however, that any further failures to properly prosecute this action or comply with orders of the Court could result in a recommendation for dismissal of this case in its entirety.

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS

1. Defendant Wynn's Motion to Dismiss (Doc. No. 78) be DENIED.
2. This case be referred to the undersigned for additional proceedings.

Further, it is ORDERED that by **July 11, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not consider frivolous, conclusive or general objections. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of June, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE