IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT WILLIAM JACOBY, <br> AIS 291560, <br><br> Plaintiff, <br><br> v. <br><br> DR. WEST, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:21-cv-831-RAH-JTA <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Brent Jacoby, an inmate incarcerated at the Bibb Correctional Facility, filed this 42 U.S.C. § 1983 action on December 21, 2021. Doc. No. 1. On May 17, 2022, it came to the Court's attention that Defendant West had not been served. In response to an order for information regarding the defendant identified as Dr. West, counsel for Defendant Blackmon notified the Court that Dr. West was an independent contractor dentist who previously worked at Easterling Correctional Facility and was not an employee of either the Alabama Department of Corrections ("ADOC") or the prison healthcare contractor. Doc. No. 31. After receiving a potential alternate service address for Dr. West from General Counsel for the ADOC on July 20, 2022 (*see* Docs. No. 37, 49), the Court directed the Clerk to serve Dr. West with the Amended Complaint and ordered Dr. West to file an answer and special report. Doc. No. 50.

On August 1, 2022, Dr. West's service package was returned to the Court marked as undeliverable. Accordingly, on August 3, 2022, the Court entered an Order notifying

the parties regarding the lack of service of the Amended Complaint on Dr. West. Doc. No. 52. The August 3 Order advised Plaintiff that if a person has not been served, he or she is not a party to this lawsuit except in very unusual circumstances, and that the Court would not continue to monitor the case to ensure that the named defendants had been served. *Id.* at 2. Additionally, the August 3 Order, citing Rule 4(m) of the Federal Rules of Civil Procedure, advised that a failure to effect service on Defendant West would result in this individual not being considered a party to this case. *Id.* To date, Plaintiff has neither served Defendant West nor filed any response to the August 3 Order regarding the lack of service on this defendant.

Plaintiff's claims against Defendant West are due to be dismissed under Federal Rule of Civil Procedure 4(m). Rule 4(m) requires that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. Fed. R. Civ. P. 4(m). Here, Plaintiff's 90-day time period for serving the Amended Complaint on Defendant West expired on July 18, 2022. The undersigned finds nothing in the record warranting an extension of Plaintiff's time for serving Defendant West.[1] Accordingly, Plaintiff's claims against Defendant West are due to be dismissed under Rule 4(m).

---

[1] Under the circumstances of this case, the Court concludes that the running of the applicable limitation period during the pendency of this action does not warrant an extension of the time for service. *See Boston v. Potter*, 185 F. App'x. 853, 854 (11th Cir. 2006) (explaining that "[w]hile the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight"); *Grier v. Lee Cnty. Comm'n*, No. 3:16-CV-931-SRW, 2019 WL 919005, at *4 (M.D. Ala. Feb. 25, 2019) (quotation marks and citation omitted) ("To excuse Plaintiff's failure to comply with Rule 4(m) at this juncture would permit the exception to swallow the rule, and would be inconsistent with the purpose of the civil rules, which is to secure the just, speedy, and inexpensive determination of every action and proceeding.).")

Alternatively, Plaintiff's claims against Defendant West are subject to dismissal for Plaintiff's failure to prosecute and comply with this Court's orders. A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Although repeated attempts were undertaken to serve Defendant West, service was not effected on this individual. Plaintiff was advised that it, ultimately, was his responsibility to provide both a correct address for service and to perfect service on all named defendants and that a failure to perfect service on a named defendant would result in that person not being considered a party. *See* Doc. No. 25 at 5, ¶8(h); *see also* Doc. No. 52. Because of Plaintiff's failure to comply with the Court's orders, the undersigned finds that sanctions lesser than dismissal would not suffice. Accordingly, Plaintiff's claims against Defendant West should be dismissed for failure to prosecute and comply with this Court's orders.

For these reasons, the Magistrate Judge RECOMMENDS that:

1. Plaintiff's claims against Defendant West be DISMISSED without prejudice under Federal Rule of Civil Procedure 4(m).

2. Plaintiff's claims against Defendant West be DISMISSED without prejudice for failure to prosecute and comply with this Court's orders.

3. This case be referred to the undersigned for further proceedings.

It is ORDERED that by **November 30, 2023**, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of November, 2023.

                                                                                      /s/ Jerusha T. Adams  
                                                                                      JERUSHA T. ADAMS  
                                                                                      UNITED STATES MAGISTRATE JUDGE